UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE LAMONT VINSON-JACKSON,

     Plaintiff,

                                     Case No. 2:24-cv-12397
v.                                 Hon. Linda V. Parker

CORIZON HEALTHCARE, ET AL,

     Defendants.

_____/

**OPINION AND ORDER REQUIRING PLAINTIFF TO SHOW CAUSE AND SUMMARILY DISMISSING CLAIMS AGAINST DEFENDANTS CORIZON HEALTHCARE, PERRY, AND MICHIGAN DEPARTMENT OF CORRECTIONS**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Maurice Lamont Vinson-Jackson is currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan.  Plaintiff claims that Defendants at the Macomb Correctional Facility acted with deliberate indifference to his injured hand when he was a prisoner there.  For the reasons stated below, the Court is summarily dismissing Plaintiff's Complaint against Defendants Farris, Corizon Healthcare, and the Michigan Department of Corrections ("MDOC") and ordering Plaintiff to show cause why his claims against the remaining Defendants should not be dismissed under the doctrine of collateral estoppel.

1

## I.  Introduction

The case is before the Court for screening under the Prison Litigation Reform Act ("PLRA").  Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence pursuant to 28 U.S.C. § 1915(a)(1).  Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, while a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in

2

fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.  Background

Plaintiff names six defendants in his Complaint: (1) Corizon Healthcare, (2) Physician Assistant Kim R. Farris ("PA Farris"), (3) Registered Nurse Caroline M. Rivard-Babisch ("RN Rivard-Babisch"), (4) Michigan Department of Corrections ("MDOC"), (5) Corrections Officer Dewayne Perry ("CO Perry"), and (6) Resident Unit Manager Stanley Kinner ("RUM Kinner"). (ECF No. 1 at PageID. 2-4.)

Plaintiff asserts that on Saturday, August 4, 2018, he suffered a deep laceration to his left hand while a prisoner at the Macomb Correctional Facility. CO Perry refused to take Plaintiff to the hospital and instead took him to administrative segregation.  Plaintiff was called out of segregation by RN Rivard-Babisch, who cleaned and dressed the wound and said that a PA would see Plaintiff on Monday.  (*Id.* at PageID. 6.)

On Monday, August 6, 2018, PA Farris examined Plaintiff.  According to Plaintiff, PA Farris told RN Rivard-Babisch that Plaintiff should have been sent to the hospital, but that it was too late to do so now because the wound was already healing.  (*Id.*)

Plaintiff later asked RUM Kinner for a grievance form, but when Plaintiff told RUM Kinner it was for denied medical care, RUM Kinner had Plaintiff's security level increased and had Plaintiff transferred to another facility.  (*Id.*)

Plaintiff was transferred to the Ionia Maximum Correctional Facility, and after his hand healed, he filed a grievance regarding the lack of treatment.  He eventually was seen by a hand specialist, who told Plaintiff it was too late to repair the damage.  (*Id.* at PageID. 9.)

Plaintiff was then transferred to the Marquette Correctional Facility, where he says he attempted to file another grievance regarding his hand.  He was told that

he was required to file the grievance at the Macomb facility, and he eventually

mailed a grievance to the Macomb facility. (*Id.*)

Plaintiff states that the grievance was rejected as untimely, but he explains

that he was unable to file one timely because "I could not write due [to] me being

left-handed and the injury was to my left hand." (*Id.*)

Plaintiff seeks to hold RN Rivard-Babisch liable because he informed her of

his need to go to the hospital, but she would only clean and bandage his wound.

Plaintiff asserts that PA Farris is liable because she examined him two days after

the incident and determined that it was too late to send Plaintiff to the hospital

because the wound had started to heal. Plaintiff asserts that CO Perry failed to take

Plaintiff to the hospital after the incident and instead took him to administrative

segregation. Plaintiff claims that RUM Kinner failed to bring Plaintiff a grievance

form while he was in administrate segregation. Finally, Plaintiff claims Corizon

and MDOC are liable for the actions of their employees. (*Id.* at PageID. 7.)

This is not the first time Plaintiff has filed a civil action regarding these

events. On March 24, 2021, Plaintiff sued Corizon, CO Perry, RN Rivard-

Babisch, and RUM Kinner (identified initially as RUM Skinner) for the failure to

treat his hand. *See* Complaint, *Vinson-Jackson v. Corizon, et al.,* No. 21-cv-10766,

ECF No. 1. The Honorable George Caram Steeh, to whom that case was assigned,

dismissed Plaintiff's claims against Corizon on July 12, 2022, because Plaintiff did

not allege facts showing that a Corizon policy or custom was the moving force

behind the alleged deprivation of his constitutional rights.  Op. & Order, *Vinson-*

*Jackson*, No. 21-10766 (E.D. Mich. July 12, 2022), ECF No. 11.  The individual

defendants then moved for summary judgment, arguing that Plaintiff failed to

exhaust his administrative remedies.  Mots., *id.*, ECF Nos. 24, 42 & 50.

On February 15, 2024, Magistrate Judge Anthony P. Patti, to whom the case

was referred, issued a report and recommendation ("R&R"), recommending that

the motions be granted.  R&R, *id.*, ECF No. 60.  In the R&R, Magistrate Judge

Patti stated:

> The Court should find that Plaintiff's affidavit is
> insufficient to create an issue of fact with regard to
> exhaustion.  Defendant submitted evidence showing that
> Plaintiff did not fully exhaust his claim—an affidavit
> signed by a Departmental Analyst at the MDOC,
> certifying the Prisoner Step III Grievance Report is
> accurate, and the accompanying Grievance Report,
> indicating no Step III grievances arising out of the
> August 2018 incident.  (ECF No. 24-3, PageID. 102-
> 105.)  In response to this evidence, Plaintiff submitted
> only a bare affidavit stating that he exhausted his
> remedies, which is a legal conclusion, but failing to
> attach any copy or record of the alleged grievances.[1]
>
> ——
>
> [1] I note that Plaintiff did attach a copy of a prisoner
> grievance appeal form to his July 27, 2023 "Reply to
> Response," which I have stricken.  (ECF No. 32.)  First,
> this document should not be considered by the Court
> because it was stricken as an impermissible sur-reply.
> (ECF No. 35.)  Even if it were considered, it does little to

bolster Plaintiff's argument.  As Defendant points out, Plaintiff "has not provided the Step I grievance, the Step I response, or the Step II response for MRF-1404, and therefore, fails to show how MRF-1404 is related to the claims he asserts in his complaint or otherwise has any actual relevance to the lawsuit." (ECF No. 34, PagedID. 136.)  Even if the Court were to consider the grievance form, it lacks sufficient detail to provide any context to whether this grievance was properly exhausted.  It does not provide the initial grievance, including who was named or any description of the alleged incident.  The Step II appeal is dated November 29, 2019, which is over a year after the alleged incident, and indicates the first step was denied as untimely, but fails to provide any further information.  In the stricken document, Plaintiff also attaches a copy of a letter he purportedly sent to the Director's Office, asking for a copy of his Step III response.  (ECF No. 32, PageID.129.)  But the letter, even if accepted, is dated May 2, 2023, almost five years after the alleged incident, and after this lawsuit was initiated (indeed after Defendant Perry's motion for summary judgment was filed).  All of the allegations related to the stricken filing, including the attachments, are unsworn and were not contained within his affidavit. (ECF No. 29.)  In sum, the stricken document should not be considered by the Court, as it is procedurally improper and substantively unsupported.

***

While Plaintiff avers generally that he has "acted in full compliance with the MDOC applica[ble] directives regarding its procedure(s) to remedy such matters" by filing a Step 1, 2, and 3, grievance, he provides no details about the alleged grievance and appeal. (ECF No. 29, PageID. 119).  He does not provide copies of the alleged grievance to show what precisely he may have grieved, when he grieved it, when he appealed it, who he named in the grievance, etc.  Without such details his conclusory

> averments are simply not enough to create an issue of
> fact sufficient to overcome Defendant's evidence.

R&R, *Vinson-Jackson*, No. 21-cv-10766 (E.D. Mich. Feb. 15, 2024), ECF No. 11

at PageID. 234-37.

On March 13, 2024, Judge Steeh adopted the R&R over Plaintiff's

objections and dismissed the case without prejudice on exhaustion grounds.  Order,

*id.* ECF No. 62.

On September 12, 2024, Plaintiff filed the current lawsuit against the same

defendants sued before, along with PA Farris.  Attached to Plaintiff's current

Complaint are copies of grievance records.  These records show that Plaintiff's

Step II grievance was filed on January 4, 2024, and rejected as untimely on

January 24, 2024.  (ECF No. 1 at PageID. 15.)  Plaintiff's Step III grievance was

received on February 9, 2024, and rejected as untimely on February 22, 2024.  (*Id.*

at PageID. 16.)

### III.  Analysis

### A.  Collateral Estoppel

The doctrine of collateral estoppel provides that if an action results in a

judgment on the merits, that judgment operates as an absolute bar to any

subsequent action on the same cause between the same parties or their privies, with

respect to every matter that was actually litigated in the first case, as well as every

ground of recovery that might have been presented.  *Black v. Ryder/P.I.E.*

*Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).  Collateral estoppel bars re-

litigation of issues decided in a prior case where:

> (1) the precise issue raised in the present case must have
> been raised and actually litigated in the prior proceeding;
> (2) determination of the issue must have been necessary
> to the outcome of the prior proceeding; (3) the prior
> proceeding must have resulted in a final judgment on the
> merits; and (4) the party against whom estoppel is sought
> must have had a full and fair opportunity to litigate the
> issue in the prior proceeding.

*NAACP, Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th

Cir. 1987).  All the elements are satisfied here.

Two of the precise issues presently before the Court—whether Plaintiff

exhausted his administrative remedies in relation to the individual defendants and

whether Plaintiff stated a claim against Corizon—are the very same issues that

were before Judge Steeh in Plaintiff's prior lawsuit.

The second prong is also met.  The basis for dismissing the case with respect

to the individual defendants was the court's express finding that Plaintiff did not

exhaust his administrative remedies because he failed to timely file a grievance.

The only additional item Plaintiff includes in the present lawsuit is the record

showing that his Step III grievance was rejected as untimely.  But Magistrate Judge

Patti and Judge Steeh already accounted for the untimeliness of Plaintiff's

grievance in the prior litigation.  *See* R&R, *Vinson-Jackson*, No. 21-10766 (E.D.

9

Mich. Feb. 15, 2024), ECF No. 60 at PageID. 234 n. 1; Op. & Order, *id.* (E.D.

Mich. Mar. 13, 2024), ECF No. 246.  Similarly, the finding that Plaintiff failed to

state a claim against Corizon was necessary to the outcome of the prior case.  Op.

& Order, *id.* (E.D. Mich. July 12, 2022), ECF No. 11.  There also is no dispute that

the prior case resulted in a final judgment, satisfying the third element.

As to the fourth prong, Plaintiff had a full and fair opportunity to litigate the

exhaustion issue in the prior litigation.  Defendants filed motions for summary

judgment, and Plaintiff was given a full and fair opportunity to respond.  After the

R&R issued, Plaintiff had the opportunity to file objections, but instead he moved

to have the case dismissed without prejudice.  The Court adopted the R&R.  With

respect to the summary dismissal of Corizon, Plaintiff neither objected to the order

nor filed an appeal.

For these reasons, Plaintiff's current claims against Corizon will be

dismissed because Judge Steeh determined in the prior action that Plaintiff failed to

state a claim against this defendant.  *See* 42 U.S.C. 1997e(c)(1).  That dismissal

was with prejudice.  Moreover, Plaintiff does not allege any new facts concerning a

custom or policy regarding Corizon.  Plaintiff's current Complaint, at best, simply

attempts to recast arguments previously rejected by Judge Steeh.  The Court

concludes that Plaintiff is estopped from relitigating his claims against Corizon.

As to Plaintiff's claims against RN Rivard-Babisch, CO Perry, and RUM

Kinner, it appears that they too are subject to dismissal because, as conclusively

determined in Plaintiff's previous action, he failed to exhaust his administrative

remedies.  *See* 42 U.S.C. § 1997e(a); *Siggers v. Campbell*, 652 F.3d 681, 692 (6th

Cir. 2011).  The doctrine of collateral estoppel applies in the context of a prisoner's

failure to exhaust administrative remedies, even where the prior dismissal was

without prejudice.  *See Hamze v. Cummings*, 652 F. App'x. 876, 879 (11th Cir.

2016) (affirming application of collateral estoppel to bar relitigation of civil rights

claim dismissed without prejudice in previous case on exhaustion grounds);

*Jackson v. Murphy*, 468 F. App'x. 616, 619 (7th Cir. 2012) (Collateral estoppel

barred prisoner from relitigating whether he had exhausted his administrative

remedies); *Stringer v. Lennox*, No. 17-cv-10998, 2018 WL 5095047, at *5 (E.D.

Mich. Aug. 27, 2018), *R&R adopted* 2018 WL 4443176 (E.D. Mich. Sep. 18,

2018).  "It is generally true that 'changes in facts essential to a judgment will

render collateral estoppel inapplicable in a subsequent action raising the same

issues.'"  *Hamze*, 652 F. App'x at 880 (quoting *Montana v. United States*, 440 U.S.

147, 159, 162 (1979)).  Nevertheless, in *Hamze*, the Eleventh Circuit still applied

the doctrine because the plaintiff failed to present new facts showing timely

exhaustion of his claims.  *Id.*  Other courts have similarly found the doctrine's

application to a prior finding of failure to exhaust administrative remedies

11

appropriate where the plaintiff did "not provide[] any arguments or evidence that,

after the rendering of that decision and prior to filing [a subsequent action], he

cured the problem by exhausting his administrative remedies." *King v. Outlaw*,

No. 1:11-cv-00145, 2012 WL 1415465, *3 (E.D. Ark. Apr. 4, 2012); *see also*

*Stringer*, 2018 WL 5095047, at *5; *Mann v. Hart*, No. 7:09-cv-114, 2010 WL

3717326, at *3 (M.D. Ga. Aug. 12, 2010).

In his current Complaint, Plaintiff does not present new arguments or

evidence regarding his lack of exhaustion.  He does not allege that he has done

anything since his prior lawsuit to cure his exhaustion issue.  The fact appears to

remain, as it did before, that Plaintiff untimely filed his Step I, Step II, and Step III

grievances.  Thus, the Court is inclined to conclude that Plaintiff is estopped from

relitigating the exhaustion issue.

Nevertheless, the Court will give Plaintiff the opportunity to address the

exhaustion issue before dismissing his claims against RN Rivard-Babisch, CO

Perry, and RUM Kinner on that basis.  Because exhaustion is an affirmative

defense, prisoners need not plead and prove it in their complaints.  *Jones v. Bock*,

549 U.S. 199, 216 (2007).  For this reason, courts generally do not raise it sua

sponte.  The Supreme Court has indicated, though, that a court may raise the issue

on its own "in special circumstances[,]" such as where "a court is on notice that it

has previously decided the issue presented . . .." *Arizona v. California*, 530 U.S.

12

392, 412 (2000); *see also Pram Nguyen*, No. 1:17-cv-521, 2017 WL 1345293, at

\*4 (N.D. Ohio Apr. 12, 2017); *see also Holloway Constr. Co. v. U.S. Dep't of*

*Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

### B. Defendant Farris – Failure to State a Claim

Plaintiff's Complaint fails to state a claim against PA Farris.[1]

The Eighth Amendment bans any punishment that involves the unnecessary

and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). It is

well-established that deliberate indifference to serious medical needs constitutes

the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97,

104-105 (1976). To state a claim for deliberate indifference to a serious medical

need, a plaintiff must allege facts in support of a two-prong test. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff must allege that the

deprivation alleged is "objectively, 'sufficiently serious.'" *Id*. (quoting *Wilson v.*

*Seiter*, 501 U.S. 294, 298 (1991)). Second, the plaintiff must allege that the prison

---

[1] Plaintiff's claims against PA Farris are likely barred due to the lack of exhaustion, as well. Although Plaintiff did not name PA Farris as a defendant in the previous lawsuit, courts have concluded that collateral estoppel may be properly invoked against a plaintiff who has asserted essentially the same claim previously against different defendants with "a close or significant relationship" to successive defendants. *See, e.g., Ranir, LLC v. Dentek Oral Care, Inc.*, 2010 U.S. Dist. LEXIS 83341, \*13 (E.D. Mich. Aug. 16, 2010) (citing *Airframe Systems, Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010); *Elbert v. Carter*, 903 F.2d 779, 782-83 (9th Cir. 2018) (collecting cases)..

official committing the act did so with a "sufficiently culpable state of mind." *Id.* (quoting *Wilson*, 501 U.S. at 302-03).

As to the first prong, the Sixth Circuit has defined a sufficiently serious medical need "as one 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

As to the second prong, "deliberate indifference" is "more than mere negligence but less than acting with purpose or knowledge." *Id.* (citing *Farmer*, 511 U.S. at 835). The defendant "must have acted with a state of mind similar to recklessness." *Id.* (citing *Farmer*, 511 U.S. at 836). "A prisoner is not required to show that he was literally ignored by the staff to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) (quoting *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001)) (alterations omitted).

Plaintiff asserts that he injured his hand on a Saturday and that PA Farris examined him the following Monday. Plaintiff asserts that upon looking at his hand, PA Farris told RN Rivard-Babisch that she should have sent Plaintiff to the hospital, but that it was now too late to do so because the wound was already healing. (ECF No. 1 at PageID. 6.) Plaintiff asserts that he has since learned from

14

a surgeon that it would have been possible to treat his hand within 72-hours of the injury. (*Id.* at PageID. 9.) Nowhere in the Complaint, however, does Plaintiff assert facts alleging that PA Farris was deliberately indifferent to a serious medical need. The injury occurred on the weekend, and PA Farris examined Plaintiff the day she returned to work. (*Id.*) Plaintiff does not allege that she was indifferent – he says that she noted for him that the hand was healing, that he should have been sent to the hospital on Friday, but that it was now too late because it was healing. Whether that course of action was negligent or not, the facts alleged suggest a medical judgment based on PA Farris' examination, not deliberate indifference to what she perceived to be a serious medical need. "Negligence in diagnosing a medical condition does not constitute unconstitutional deliberate indifference." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 945 (6th Cir. 2010); *see also Farmer*, 511 U.S. at 835 (explaining that deliberate indifference "entails something more than mere negligence"); *Ross v. Duggan*, 402 F.3d 575, 590 n.7 (6th Cir. 2004) (explaining that deliberate indifference "is a very high standard of culpability, exceeding gross negligence").

For these reasons, Plaintiff's claims against PA Farris are summarily dismissed because Plaintiff fails to state an Eighth Amendment claim against her.

## C. MDOC

Finally, Plaintiff's claims against MDOC are summarily dismissed. The Eleventh Amendment bars § 1983 actions against a state and its agencies and departments unless that state has waived immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Pettway v. Mich. Dep't of Corr.*, No. 19-11201, 2019 WL 2369281, at *2 (E.D. Mich. Jun. 5, 2019). The State of Michigan has not consented to suit in § 1983 actions in federal court, and Congress did not abrogate state sovereign immunity upon the passage of § 1983. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against the state and its departments." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Plaintiff's claims for monetary damages against the MDOC must be dismissed because the MDOC is entitled to Eleventh Amendment immunity. *See Brown v. Washington*, No. 19-1308, 2020 WL 1492020, at *2 (6th Cir. Mar. 16, 2020).

## IV. Conclusion

Based on the foregoing, the Court concludes that Plaintiff's claims against Corizon, PA Farris, and MDOC must be summarily dismissed pursuant to

§ 1915(e)(2).  While the Court believes Plaintiff's claims against RN Rivard-

Babisch, CO Perry, and RUM Kinner also are subject to summary dismissal due to

a failure to exhaust, *see* § 1915e)(a), the Court is providing Plaintiff the

opportunity to demonstrate that the claims have been exhausted since Judge Steeh

concluded otherwise.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Corizon, PA Farris, and

MDOC are **DISMISSED WITH PREJUDICE** and these parties are terminated

from this action.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of this

Opinion and Order, Plaintiff shall show cause in writing as to why his claims

against Rivard-Babisch, CO Perry, and RUM Kinner should not be dismissed for

failure to exhaust administrative remedies.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 21, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, October 21, 2024, by electronic and/or
U.S. First Class mail.

s/Aaron Flanigan
Case Manager

17